Larry Grant BOWRING

v.

J. D. COX, Superintendent of the Virginia State Penitentiary (formerly C. C. Peyton).

Civ. A. No. 69–C–79–R.

United States District Court, W. D. Virginia, Roanoke Division.

Dec. 31, 1970.

R. Roy Rush, Roanoke, Va., Court appointed attorney, for petitioner.

Vann H. Lefcoe, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, District Judge.

This proceeding is a petition for habeas corpus for relief from a Virginia conviction for robbery filed in forma pauperis by Larry Grant Bowring, pursuant to the provisions of 28 U.S.C., § 2241.

Petitioner was convicted in the Hustings Court of the City of Roanoke, Virginia, on November 6, 1968. He was sentenced to serve ten years in the penitentiary.

In this proceeding, petitioner contends that his constitutional rights were violated because of:

(1) Prejudicial pre-trial publicity, and

(2) A prejudicial pre-trial police line-up.

■ Petitioner appealed his conviction to the Virginia Supreme Court of Appeals. His petition for writ of error was denied by order entered June 17, 1969. Petitioner did not assign as error the allegation concerning prejudicial pre-trial publicity; neither has he filed a habeas corpus proceeding in the state court concerning this ground. Having failed to comply with 28 U.S.C., § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), by not exhausting his state remedies, this allegation will not be considered further and the petition dismissed as to that point without prejudice.

■ The court finds no merit in petitioner's remaining allegation concerning the police line-up.

The record discloses that on the night of March 7, 1968, a young boy 12 years of age was robbed and sexually molested. The victim was proceeding to a grocery store located a short distance from his home. Street lights illuminated portions of the street. The victim, before entering the store, had occasion to take a good look at the petitioner under one of the street lights; he also observed the petitioner on two occasions after leaving the store. He was in the company of the petitioner continuously for approximately 45 minutes, during which time he also had an opportunity to hear the petitioner speak. Two days later, investigating police officers showed the victim an undisclosed number of pictures, two of which were those of the petitioner. Bowring's attorney was not present at that time, he having not been charged. The victim identified the petitioner without prompting, having rejected the other pictures. A police line-up was held March 20, 1968, thirteen days after the offense. The petitioner was included in the line-up and was accompanied and represented there by his retained attorney, who ably represented him at the trial. In addition to being exposed to visual observation, each member of the line-up was required to state his name and address. The victim *identified the petitioner during this proceeding without evidence of prompting* in any manner. Pictures of the line-up, as viewed by the victim, were taken and are a part of the trial record. They do not disclose any outstanding dissimilarities between the petitioner and the other people in the line-up.

The record, including the *ore tenus* hearing in this court, discloses that the victim was taken to look at the line-up with no prompting and then taken into another room in company with petitioner's attorney, where he was asked to identify his assailant by number. He was then returned to the room where the line-up was and asked to point out his assailant.

At the *ore tenus* hearing in this court, the police officer was asked if the victim had given any description of his assailant the night of the crime. The victim had then, prior to seeing photographs of Bowring and prior to the line-up, described his assailant as tall and skinny, with brown or blonde hair, and pointed nose and chin. It is the observation of

this court, upon seeing the petitioner in person, that this is very nearly a perfect description.

During the course of the criminal trial, the Commonwealth's Attorney, petitioner's counsel, and the court examined the victim closely to ascertain whether or not his identification was tainted in any manner. No prejudice was found. The young victim was positive in his identification, based on his own personal observation of, and contact with, the petitioner during the commission of the offense. Not only could he recognize Bowring's face, he also could identify him by his speech and build.

The trial judge was ever so careful in his examination of the evidence. He dismissed three somewhat similar but unrelated charges against Bowring which, by agreement, had been joined together for trial, and he gave Bowring the benefit of every doubt.

The police and the prosecutor also had obviously made every effort to be sure there was a fair identification. At no time was it suggested to the victim that Bowring was his assailant, either when the photographs were displayed or at the live line-up; the victim was shown pictures of others than Bowring whom he correctly advised were not his assailant; and Bowring's attorney was present at the live line-up.

The court is aware of the dangers of faulty identification. See United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1969); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L. Ed.2d 1178 (1969), and Palmer v. Peyton, 359 F.2d 199 (4th Cir.1966).

In *Wade* and *Gilbert*, no attorneys were present at the live line-up; here, the attorney was present. In *Palmer*, the identification was of the voice only, and there was no courtroom identification; here, the identification was visual and positive, both in the courtroom and out. In addition, the witness here was able to identify by the total personality of the accused. See *Palmer*, 359 F.2d p. 201.

The court has obtained from the Attorney General a copy of the petition for writ of error and made it a part of the record in this case. It has been read in full, as have the transcript of the trial, the exhibits, and the other papers making up the record in the state court. An *ore tenus* hearing was held in this court at which petitioner called the officer in charge of the line-up and the attorney representing him in the criminal trial.

The totality of the circumstances show that this case was investigated and tried by police, a prosecutor, and a court, who knew defendant's constitutional rights and scrupulously observed them. No constitutional error is found in the state trial, prejudicial or otherwise.

An order dismissing the petition is this day entered.